IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

S. KIMBERLY McCALEB )
)
v. ) NO. 1:14-0009
)
SAINT THOMAS HEALTH f/n/a SAINT )
THOMAS HEALTH SERVICES; )
SAINT THOMAS HICKMAN HOSPITAL, )
f/n/a HICKMAN COMMUNITY HEALTHCARE )
SERVICES, INC. a/k/a HICKMAN )
COMMUNITY HOSPITAL; SAINT THOMAS )
HOME HEALTH f/k/a HICKMAN )
COMMUNITY HOME CARE, INC. )

**O R D E R**

On June 30, 2014, Chief Judge Haynes referred this case and three other cases similarly styled, Sanders v. St. Thomas Health, et al 1:14-0007; Arnold v. St. Thomas Health, et al, 1:14-0008; and Kelso v. St. Thomas Health, et al, 1:14-0010, to the undersigned to conduct a settlement conference before December 31, 2014, upon agreed order of referral by the parties. Docket Entry No. 53.

The Court shall convene a conference call on **WEDNESDAY, JULY 30, 2014, at 3:00 p.m.**, to be initiated by counsel for the defendant. During this conference call the attorneys are directed to be fully prepared to discuss the following:

1. What efforts have been made so far by counsel to settle this case on their own, including when and what demands have been made by the plaintiff, and what offer(s) have been made by the defendants, and the potential for settlement.

2. Counsel shall be prepared to advise the Court on who will attend the settlement conference. The Court requires that the plaintiff and a representative of the defendant(s) shall be present with **FULL SETTLEMENT AUTHORITY**. The

parties are advised that **unless otherwise specifically ordered**, failure to be present with <u>full</u> settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. For the purposes of this case, full settlement authority of the defendant(s) is deemed to be up to the last demand made by the plaintiff. Full settlement authority also means that the plaintiff and the representative of the defendant(s) present at the settlement conference do not need authority from any other individual to enter into any settlement agreement. The plaintiff and the representative of the defendant(s) present at the settlement conference shall have total independent authority to enter into **<u>any</u>** settlement agreement.

3. Counsel shall confirm that the settlement conferences in the other three cases, 1:14-0007, 1:14-0008, and 1:14-0010 should be held together with this case. Counsel shall also be prepared to discuss how long they think the settlement conference will last.

4. Counsel are ORDERED to have their calendars and the calendars of EVERY PERSON who will participate in the settlement conference available so that the Court can set a firm date for the settlement conference/conferences. In particular, counsel need to know what dates ARE NOT available for everyone to attend, in person, during the months of October and December 2014.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge